UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey Steven McCreary,<br><br>                             Petitioner,<br>v.<br><br>M.E. Spearman, Warden,<br><br>                            Respondent. | Case No.: 18-cv-00789-CAB-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXPAND THE RECORD, OR IN THE ALTERNATIVE, FOR STAY AND ABEYANCE**<br><br>**[ECF NO. 6]** |

## I.  INTRODUCTION

On March 18, 2018, Petitioner Jeffrey Steven McCreary ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, constructively filed a Petition for Writ of Habeas Corpus ("Petition) pursuant to 28 U.S.C. § 2254 challenging his 2014 first degree murder conviction. (ECF No. 1.) In his Petition, he raises fourteen claims. (*Id.* at 6-20.)[1] Petitioner then filed a Motion to Expand the Record, or in the alternative, Motion

---

[1] The Court cites the CM/ECF document numbers and paginations when referencing all docketed filings.

for Stay and Abeyance ("Motion"), in which he seeks to expand the record to include a limited portion of a state-filed habeas petition for writ of habeas corpus and seven exhibits attached to that petition. (ECF No. 6 at 3, 20-87.) Alternatively, he asks that the Court stay this matter under either *Rhines v. Weber*, 544 U.S. 269 (2005) or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1448-49 (9th Cir. 2007) to allow him to return to state court to exhaust five additional claims. (*Id.* at 3, 9-19). Four out of the five additional claims Petitioner seeks to exhaust are not asserted in his Petition. (*Compare* ECF No. 1 at 6-19, *with* ECF No. 6 at 9.) Petitioner also requests an evidentiary hearing. (ECF No. 6 at 9.) Respondent M.E. Spearman, Warden at California High Desert State Prison ("Respondent") filed an Opposition to the Motion on June 25, 2018. (ECF No. 9.) Petitioner filed his Reply *nunc pro tunc* to July 30, 2018. (ECF No. 10.) For the first time in his Reply, Petitioner requests appointment of counsel. (*Id.* at 5.)

As set forth herein, the Court finds that Petitioner's request to expand the record is unnecessary given that Respondent will lodge complete copies of all of Petitioner's state habeas petitions with the Court; his request is **DENIED**. To the extent Petitioner requests a stay and abeyance to return to state court to present unexhausted claims, he is **GRANTED** a stay pursuant to *Kelly* and **DENIED** a stay pursuant to *Rhines*. To the extent Petitioner seeks an evidentiary hearing at this point in the proceedings, his request is **DENIED as premature**. Finally, at this time, his request for appointment of counsel is **DENIED without prejudice**.

## II. PROCEDURAL HISTORY

Petitioner's claims stem from a judgment of conviction entered in June 2014. (ECF No. 1. at 1.) He pursued a direct appeal, with the California Court of Appeal affirming the conviction on September 29, 2016 and the California Supreme Court denying his petition for review on January 18, 2017. (*Id.* at 2.) His conviction became final on April 18, 2017, which is the date his right to seek relief from the United States Supreme Court expired. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

Petitioner filed his initial state habeas petition, case number HCN1500, with the California Superior Court on August 31, 2017, which was denied on September 6, 2017. (*Id.* at 3, 67-68.) He subsequently filed a habeas petition with the California Court of Appeal, case number D073026, which was denied on October 31, 2017. (*Id.* at 4, 69-70.) Finally, he filed a habeas petition on November 20, 2017 with the California Supreme Court, case number S245567, which was denied on February 14, 2018. (*Id.* at 4.)

Petitioner then constructively filed the instant federal Petition on March 18, 2018, raising fourteen claims. (ECF No. 1.) In his Petition, he alleges seven of the fourteen claims were raised on direct appeal, and the other seven claims were presented to the California Supreme Court via petition number S245567. (*Id.* at 6-12 [claims presented on direct appeal], 13-19 [claims presented via state habeas petition].) He subsequently filed the instant Motion *nunc pro tunc* to May 23, 2018, in which he lists an additional five claims he wishes to exhaust.[2] (ECF No. 6 at 9.)

However, following the Court's review of the Petition as well as the additional claims included in the Motion, it appears one of the claims in his Petition, claim number fourteen based on his actual innocence, is unexhausted.[3] (*See* ECF No. 1 at 19.) In his Motion, Petitioner lists this actual innocence claim with four other unexhausted claims and states that "[n]one of the following claims have ever been presented before. All of the following claims are from Discovery I just received." (ECF No. 6 at 8.) His other four

---

[2] In the Motion, Petitioner lists his request for an evidentiary hearing as claim number six. (ECF No. 6 at 9.)

[3] In his Petition, Petitioner alleges that his actual innocence claim was raised in his California Supreme Court petition number S245567. (ECF No. 1 at 19.) Petitioner attached petition number S245567 to his federal Petition. (*See id.* at 25.) However, his actual innocence claim is not listed amongst his "contentions" presented to the California Supreme Court. (*See id.* at 39 [listing his five claims for relief].) In petition number S245567, Petitioner cited to *Schlup v. Delo*, 513 U.S. 298, (1995) in support of his contention three (3), but made no argument regarding his actual innocence, except to write and circle the words "miscarriage of justice exemption" in his memorandum of point and authorities. (*See id.* at 53.) The fact that his actual innocence claim is unexhausted is further underscored by his assertion in his Motion that the "new" discovery his unexhausted claims are premised upon includes "the proof needed to prove [his] innocence." (ECF No. 6 at 3.)

unexhausted claims are only raised in his Motion and are not included in the Petition. (*Compare* ECF No. 1 at 6-9, *with* ECF No. 6 at 8-9.)

Since the filing of the instant Petition, Petitioner has begun the process of presenting his five additional unexhausted claims to the California courts. Petitioner claims he filed a second habeas petition, case number HCN1519, with the California Superior Court, which was denied on April 19, 2018. (ECF No. 6 at 5.) On May 23, 2018, he filed a habeas petition regarding his five unexhausted claims with the California Court of Appeal, which was denied on May 25, 2018.[4] A habeas petition presumably regarding these same five unexhausted claims was filed on July 30, 2018 with the California Supreme Court. It is currently pending.[5]

The five additional claims Petitioner seeks to exhaust are: (1) the addition of a mid-trial felony murder charge and new theory of kidnapping, which was not supported by evidence at the preliminary hearing, violated his constitutional right to a fair trial;[6] (2) he is actually innocent and newly presented evidence, ineffective assistance of counsel, the prosecutor's use of false evidence, and other constitutional violations resulted in a miscarriage of justice; (3) his rights to compulsory process and present a complete defense

---

[4] The Court may take notice of facts that are capable of accurate and ready determination "from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records). Accordingly, the Court takes judicial notice of the California Court of Appeal docket in *In re Jeffrey McCreary*, Case No. D074018, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=2252292&doc_no=D074018&request_token=NiIwLSIkXkg9WzBFSCJNTEhIIFA6UkxbJCNeRztRMCAgCg%3D%3D.

[5] The Court takes judicial notice of the California Supreme Court docket in *McCreary on H.C.*, Case No. S250337, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2258767&doc_no=S250337&request_token=NiIwLSIkXkg9WzBFSCJNUENIMFg0UDxTJiJeSzlSQCAgCg%3D%3D (last visited Dec. 11, 2018).

[6] Petitioner appears to be abandoning this claim. In his Reply, he states that he will "remove Ground #1 from my second state habeas and continue [to pursue] the remaining grounds in the Stay and Abeyance Motion." (ECF No. 10 at 2.)

4

were violated by trial counsel's failure to present multiple witnesses who would have provided exculpatory evidence; (4) his due process rights were violated due to his counsel's failure to present photographs recreating bullet trajectory and shooter position and a video of his codefendant discussing a murder he committed when he was fourteen years old; and (5) an "independent ineffective assistance of counsel" claim based on the "sheer volume of errors and omissions" and his counsel's failure to object to prosecutorial misconduct. (ECF No. 6 at 9-18; *see also* ECF No. 1 at 19 [alleging actual innocence claim in the Petition].)

### III. DISCUSSION

In his Motion, Petitioner requests to expand the record to include his new state habeas corpus petition and the corresponding exhibits. (ECF No. 6 at 3, 10-87.) He asks in the alternative for a stay and abeyance of his Petition under either *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1448-49 (9th Cir. 2007) or *Rhines v. Weber*, 544 U.S. 269 (2005).

Respondent argues that Petitioner has not satisfied the requirements for a stay and abeyance pursuant to either *Kelly* or *Rhines*, as his unexhausted claims[7] are untimely prohibiting a *Kelly* stay, and he has failed to establish good cause for his failure to exhaust or demonstrate a likelihood of success on the merits[8] as required by *Rhines*. (ECF No. 9.) Respondent also argues Petitioner has not met the standard for an evidentiary hearing. (*Id.* at 3.)

### A. Legal Standard

Federal habeas petitioners who wish to challenge a state court conviction or length of confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding a district court must

---

[7] Elsewhere in her Opposition, Respondent argues somewhat inconsistently that Petitioner's "unexhausted claims, or a variation on these claims, were presented and rejected on direct appeal." (ECF No. 9 at 6.)

[8] Respondent misstates this requirement. Petitioner must establish that at least one of his unexhausted claims is not "plainly meritless" under *Rhines*. *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017).

5

dismiss a federal habeas petition containing both unexhausted and exhausted claims); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987) ("as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act"). The petitioner must "seek full relief first from the state courts, thus giving those courts the opportunity to review all claims of constitutional error." *Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017) (quoting *Rose*, 455 U.S. at 518-19); *see also Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (finding that a petitioner must exhaust all available state remedies, either through direct appeal of his conviction or through collateral proceedings).

Exhaustion of a habeas petitioner's federal claims requires they be "fairly present[ed]" to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A petitioner must provide the highest state court with a fair opportunity to consider the factual and legal bases of his claims prior to presenting them to federal court. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (citing *Picard v. Connor*, 404 U.S. 270, 276 (1971)0; *Davis v. Silva*, 511 F.3d 1005, 1008-09 (9th Cir. 2008). In California, a state prisoner "may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court . . . ." *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008).

When a petitioner files a "mixed" petition, one containing both exhausted and unexhausted claims, courts may either dismiss the petition in its entirety or grant a stay to permit the petitioner to exhaust his unexhausted claims. *Rose*, 455 U.S. at 510. There are two procedures available to federal habeas petitioners who wish to proceed with unexhausted claims for relief. In that circumstance, a stay may be appropriate under either *Kelly* or *Rhines*. *See Rhines*, 544 U.S. at 277-78; *Kelly*, 315 F.3d at 1063. In *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), the Ninth Circuit summarized the difference between the procedures as follows:

> *Rhines* allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust

> them in state court. In contrast, the three-step procedure outlined in *Kelly* allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed.

564 F.3d at 1139-40. These two methods are separate and distinct procedures for staying federal proceedings in the context of mixed habeas corpus petitions. *Id.* at 1140.

### 1. *Rhines* Procedure

*Rhines* permits federal courts to stay "mixed" federal habeas petitions, which contain exhausted and unexhausted claims, while the petitioner returns to state court to exhaust the unexhausted claims. 544 U.S. at 277-78; *see Rose*, 455 U.S. at 510 (defining a "mixed" habeas petition). Under *Rhines,* a district court must stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are not "plainly meritless"; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 278; *Dixon*, 847 F.3d at 721-22. Petitioner must establish that at least one of his unexhausted claims is not "plainly meritless" under *Rhines*. *Dixon*, 847 F.3d at 722. The Supreme Court has held that a *Rhines* "stay and abeyance should be available only in limited circumstances" because staying a federal habeas petition frustrates the Antiterrorism and Effective Death Penalty Act's ("AEDPA") objective of encouraging finality. *Rhines*, 544 U.S. at 277.

### 2. *Kelly* Procedure

A *Kelly* stay may be granted when a federal habeas petition consists of entirely exhausted claims, but the petitioner seeks a stay to raise new claims in state court. 315 F.3d at 1070-71. A petitioner must delete unexhausted claims from his federal petition, exhaust those claims in state court, and then re-add them to his federal petition via amendment. *King*, 564 F.3d at 1138-41. Critically, because a *Kelly* stay does not toll AEDPA's one-year statutory deadline, an untimely petitioner is precluded from such a stay unless he is entitled to statutory or equitable tolling or if Petitioner's unexhausted claims "relate back" to his exhausted claims. *See Mayle v. Felix*, 545 U.S. 644, 659 (2005);

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (permitting equitable tolling when petitioner demonstrates (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.")

"An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time-limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleadings set forth." *Mayle*, 545 U.S. at 650. To relate back, a claim must share "a common core of operative facts" with a timely claim. *Id*. at 659, 664. A claim does not relate back to an existing claim simply because it arises from "the same trial, conviction or sentence." *Id.* at 663-64.

### B. Analysis

#### 1. Request to Expand the Record

Here, Petitioner requests that the Court expand the record to include his new state habeas corpus petition and the corresponding exhibits. (ECF No. 6 at 3, 10-87.) Respondent is correct in that the Court will have before it "complete copies of [Petitioner's] state court filings, including all habeas corpus records and the direct appeal record" as part of the lodgments provided by Respondent in due course. (*See* ECF No. 9 at 20); Rules Governing § 2254 Cases, Rule 5(c), (d) (requirement to lodge records, including briefs on appeal and opinions). Accordingly, enlargement of the record to include Petitioner's new state habeas corpus petition and corresponding exhibits is unnecessary and his request to expand the record is **DENIED**. However, to the extent Petitioner seeks to have the claims raised in his new state court habeas petition ultimately be addressed on their merits, the Court addresses his request for a stay and abeyance to return to state court to exhaust the new claims below.

#### 2. Request for Stay and Abeyance

Petitioner has filed a Petition that is mixed, as it includes an unexhausted actual

8

18-cv-00789-CAB-BGS

innocence claim,[9] as well as numerous exhausted claims. (*See* ECF No. 1 at 19.) In his Motion, Petitioner lists four additional unexhausted claims in addition to his actual innocence claim he seeks to exhaust. The four additional unexhausted claims are not alleged, however, in Petition. (*See* ECF No. 1.) Petitioner is currently in the process of presenting all five of these unexhausted claims to the California Supreme Court. (ECF No. 6 at 9.)

### a. Stay and Abeyance Under *Rhines*

As discussed above, Petitioner's sole unexhausted claim that is actually alleged in the Petition is claim number fourteen. (ECF No. 1 at 19.) In this claim, Petitioner alleges that he is actually innocent "of shooting anyone" as his co-defendant was the individual who actually pulled the trigger. (*Id.*) He references a "newly presented witness that has credible, material, relevant evidence showing [he] could not be the shooter as it was the codefendant . . . ." (*Id.*) Based on this claim as drafted, it is unclear who the "newly presented witness" is. (*See id.*) Following a full review of the Petition and the attached state habeas petition number S245567 submitted to the California Supreme Court, it appears Petitioner is attempting to base this claim on the summary of an interview conducted with Roxanne Chavez. (*See* ECF No. 1 at 13 [Petitioner's ineffective assistance of counsel claim regarding failure to interview Chavez in federal Petition referencing state court habeas petition number S245567 contention number one]; 40-41 [argument in support of contention number one]; 58-60 [Chavez interview summary].)

As noted above, *Rhines* sets forth three requirements a petitioner must establish before a mixed habeas petition will be stayed. *See Rhines*, 544 U.S. at 278; *Dixon*, 847 F.3d at 721-22. Here, Petitioner has not shown that his sole unexhausted claim, his actual innocence claim, as alleged in his Petition is not "plainly meritless." He fails to explain in his federal Petition claim number fourteen how information contained in the Chavez

---

[9] *See supra* footnote 3.

interview constitutes proof of his actual innocence. (*See* ECF No. 1 at 19 [single page in support of actual innocence claim].) Further, in his attached state court habeas petition number S245567, Petitioner makes no argument linking the Chavez interview to a claim of actual innocence. Thus, based on the actual innocence claim as alleged in the Petition, Petitioner has failed to establish that this claim is not "plainly meritless." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (in the context of actual innocence allegation, petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). Accordingly, Petitioner is not entitled to a stay of his mixed Petition in its entirety; his request for a *Rhines* stay of his mixed Petition is **DENIED**.

### b. Stay and Abeyance Under *Kelly*

In addition to a *Rhines* stay, Petitioner also requests a stay pursuant to *Kelly*. (ECF No. 6 at 3.) The district court has discretion to implement a stay and abeyance under *Kelly* when the standard for *Rhines* is not met. *King*, 564 F.3d at 1140, 1143 (noting that the use of the *Kelly* procedure does "not present the same dangers of abuse" as a *Rhines* stay). As described by the Ninth Circuit, a *Kelly* stay involves a three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

*King*, 564 F.3d at 1135 (citing *Kelly*, 315 F.3d at 1070-71). As detailed above, Petitioner has already presented his unexhausted claims to the California Superior Court and California Court of Appeal. His petition number S250337 has been pending since July 30, 2018 before the California Supreme Court.

Under the *Kelly* procedure, Petitioner does not have to show good cause. *King*, 564 F.3d at 1140. However, he will not be permitted to amend his petition unless the newly exhausted claims are timely under the statute of limitations, or they "relate back" to the claims in the fully exhausted petition. *Id.* at 1141. As explained in *King*, due to AEDPA's

one year statute of limitations, "demonstrating timeliness will often be problematic" for a petitioner and, therefore, the process is not only cumbersome, but is also risky.[10] *King*, 564 F.3d at 1140-41. At this point, the Court does not have enough information before it to fully assess whether Petitioner's new claims would be timely or whether he will need to establish they relate back to his fully exhausted claims.

Because Petitioner's unexhausted claims include an actual innocence claim, this could potentially constitute an exception to AEDPA's one-year limitations period. *See McQuiggin*, 569 U.S. at 386; *also Lee v. Lampert*, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). Further, Respondent does not address the timeliness of Petitioner's claims under the one-year AEDPA limitations period. (*See* ECF No. 9.) Instead, the only timeliness argument she makes is that because the California Court of Appeal found Petitioner's unexhausted claims to be untimely, Petitioner cannot meet the *Kelly* requirements for a stay.[11] (ECF No. 9 at 6.) This is not the type of timeliness analysis required for a *Kelly* stay. *See King*, 564 F.3d at 1140-41 (discussing timeliness under the AEDPA one-year limitations period in the context of the *Kelly* procedure). Additionally, the Court does not have the benefit of a full record of Petitioner's filings with the California state courts or the full state court record of Petitioner's trial as Respondent has not yet filed any lodgments in this case.

---

[10] AEDPA applies a one-year statute of limitations to federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1)(A)-(D). Thus, a petitioner who wishes to challenge his state court conviction in federal court via a habeas corpus petition must file within one year of his conviction becoming final. Although the statute of limitations does not run while a properly filed state habeas corpus petition is pending, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. 28 U.S.C. § 2244(d)(2); *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *King*, 564 F.3d at 1141; *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

[11] Respondent attached the incorrect California Court of Appeal decision in support of her Opposition. (*See* ECF No. 9 at 9-10.) However, in the correct California Court of Appeal decision regarding his second habeas petition, the appellate court discusses the timeliness of his petition in relation to the date of his sentencing. (*See* ECF No. 9 at 7 ["More than three years after he was sentenced, 'without any explanation for delay,' he presented the five unexhausted claims to the California Court of Appeal which found them 'barred as untimely.'"]) However, the date of sentencing is not the trigger date for the running of AEDPA's one-year statute of limitations.

Because of these factors, the Court is unable to determine whether Petitioner's currently unexhausted claims would be time-barred, what periods of statutory tolling Petitioner may be entitled to, whether Petitioner's claim of actual innocence warrants relief from the limitations period, and whether Petitioner would be required to establish that his unexhausted claims "relate back" to his exhausted claims. Thus, the futility of Petitioner's unexhausted claims cannot be fully assessed. Additionally, without the benefit of the state court record and only scant briefing from Respondent addressing the issue, at least one of the unexhausted claims appears to be potentially "valid." [12] *See Kelly*, 315 F.3d at 1070 (emphasizing the "clear appropriateness of a stay when valid claims would otherwise be forfeited"); (ECF No. 6 at 9, 14-16 [right to present a complete defense and trial counsel's failure to present evidence of confession by co-defendant; actual innocence claim premised on new evidence including evidence of confession by co-defendant]). Such determinations would be better assessed via a motion to amend the Petition following Petitioner's exhaustion of his new claims in state court.

Accordingly, the Court finds it appropriate at this time to **GRANT** Petitioner's request for a stay of this action pursuant to *Kelly*. Petitioner is permitted to withdraw his unexhausted claim as alleged in the Petition to allow his remaining claims in the Petition to be held in abeyance under *Kelly*. To comply with the *Kelly* procedure, Petitioner will be required to file an amended federal habeas petition deleting his unexhausted claim. The Court will then stay and hold in abeyance the amended, fully exhausted petition while

---

[12] In the instant Motion, Petitioner greatly expands upon his actual innocence claim (claim number two) in comparison to the actual innocence claim he alleged as claim number fourteen in the Petition. (ECF No. 6 at 12-14, 23-84 ["new" evidence supporting Petitioner's actual innocence].) He provides more substantive argument and claims that in addition to the Chavez interview, there are several other pieces of evidence which were not presented at trial that establish his innocence, including evidence of his co-defendant's confession that he committed the shooting in question. (*Id.*) While it is difficult to assess these types of evidence without the benefit of the full state record, and also in light of Respondent's failure to substantively address or rebut any of Petitioner's "new" evidence in their Opposition, at this stage the Court finds that Petitioner has done enough to show that his claim is potentially "valid" under *Kelly*. Thus, he will be permitted to attempt to add the actual innocence claim as alleged in his Motion as claim number two back to the Petition utilizing the *Kelly* procedure discussed above.

Petitioner exhausts the claims listed in his Motion. Petitioner will then be responsible for filing a timely motion to amend his federal habeas petition to re-insert the newly exhausted claims into the original petition. Petitioner is advised that if he cannot demonstrate that the claims are timely or relate back to the original exhausted claim, he will be unable to litigate the new claims in this Court.

Thus, the Court does not reach the question of whether the new claims Petitioner intends to exhaust may later be presented in this federal habeas action by way of amendment. The Court will address this question when, and if, Petitioner seeks leave to present his newly exhausted claims to the Court via an amended federal petition pursuant to the third step of the *Kelly* procedure. Petitioner is cautioned that "technical exhaustion" in state court does not guarantee federal review at the third step of the *Kelly* procedure. *See Mayle*, 545 U.S. at 659 (newly exhausted claims that are untimely may only be added back if they "relate back" to the original unexhausted claims); *King*, 564 F.3d at 1140-41 (a newly exhausted claim may be added to a stayed federal petition if timely under AEDPA).

### IV. REQUEST FOR EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing. (ECF No. 10 at 5.) To the extent Petitioner is requesting an evidentiary hearing be held at this stage of the proceedings, his request is premature. Pursuant to Rule 8(a) of the Rules Governing § 2254 Cases, a court determines whether an evidentiary hearing is warranted in a habeas proceeding after the respondent files an answer to the petition. *See* Fed. Rules Governing § 2254 Cases, Rule 8(a). To date, Respondent has not filed an answer or motion to dismiss in this case (*see* Docket) and the Court is granting a stay in this case to allow Petitioner to present his unexhausted claims to state court. Accordingly, Petitioner's request for an evidentiary hearing is **DENIED as premature.**

### V. REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner requests for the first time appointment of counsel in his Reply. (ECF No. 10 at 5.) He neither addresses the standard for appointment of counsel nor provides any bases for such an appointment. (*See id.*)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C § 2254 may receive court appointed counsel when "the interests of justice so require," as determined by the court. 18 U.S.C. § 3006A(a)(2)(B); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015); *Terranova v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terranova*, 912 F.2d at 1177; *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Appointment of counsel is discretionary where no evidentiary hearing or discovery is necessary. *Id.*; *Luckett v. McDaniel*, 213 F.3d 642 (9th Cir. 2000).

Further, an indigent prisoner is not entitled to the appointment of counsel unless "the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Such a violation can occur in the absence of counsel if the issues involved are too complex for the petitioner or if the petitioner has such a limited education that he is incapable of presenting his claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). A court must exercise discretion and "evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds Petitioner is not entitled to appointment of counsel based on due process concerns. At this point, because the Court does not find an evidentiary hearing is warranted, Petitioner would only be entitled to appointment of counsel if its denial would constitute a violation of due process. The Court finds that it does not. As is the case in considering every habeas petition, the Court is obligated to and will view Petitioner's filings liberally and independently scrutinize the state court record. *Knaubert*, 791 F.2d at 729 (finding highly protective procedures for pro so petitioners and court's obligation to "review the record and render an independent legal conclusion" weigh in favor of finding

that due process does not require appointment of counsel). Additionally, there is nothing about the claims or Petitioner's ability to present his claims that indicates the particular circumstances of his case require counsel or that counsel should be appointed in the interest of justice. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (finding district court did not abuse its discretion in denying habeas petitioner appointed counsel based on interest of justice when his pleadings demonstrated he had a good understanding of the case and could coherently present his contentions); *Roberts v. Long*, No. 14CV0427-WQH DHB, 2015 WL 3862871, at *12 (S.D. Cal. June 19, 2015) (finding appointment of counsel is not required to prevent a due process violation where there is no indication that the petition is incapable of presenting his claims or that the issues are too complex).

Moreover, having reviewed the instant Motion, Petition, and the petitions filed before the California Supreme Court in this case, Petitioner has proven himself capable of presenting his arguments and the claims in his Petition. Therefore, the Court finds that that the interests of justice do not require the appointment of counsel. Accordingly, Petitioner's request for appointment of counsel is **DENIED without prejudice**.

## VI. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Expand the Record, or in the alternative, Motion for Stay and Abeyance (ECF No. 6) is **GRANTED IN PART AND DENIED IN PART**. Petitioner's request to expand the record is **DENIED** and his request for a stay and abeyance is **DENIED** pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) and **GRANTED** pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1448-49 (9th Cir. 2007).

**Within 15 days** of the issuance of this Order, Petitioner is to file an amended petition removing any unexhausted claims. The Court will then direct the Clerk of Court to administratively close this case for the duration of the stay at that time.

**Within 30 days** of the California Supreme Court issuing an order resolving Petitioner's unexhausted claims, Petitioner is to file a motion to lift the stay as well as a motion to file an amended petition for writ of habeas corpus addressing the timeliness of

his newly exhausted claims, together with a proposed amended petition.

Further, Petitioner's request for an evidentiary hearing is **DENIED as premature** and his request for appointment of counsel is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: December 13, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge